Turley, J.
delivered the opinion of the court.
There is no error in the rendition of the judgment in the court below, in this case. The pleas demurred to, are all bad in law, and constitute no legal defence to the action.
They present two questions. 1. That the bill single, as the endorser of which the plaintiff in error was sued, was blank when it was endorsed, and was never, after it was filled up and sealed by the obligor, delivered to the endorser, and, therefore, the obligation is void for want of a delivery.
The bill single, endorsed by the plaintiff, is a negotiable paper by statute, and though it never was delivered to the endorser after it was signed and sealed, yet it was to the endorsee, and this is sufficient, and must be, if the negotiability of such paper is. to be maintained. It has never been questioned, but that a blank paper endorsed, may be filled up as a promissory note, and delivered to the endorsee, and that in such ease, the endorser is re *384 sponsible for its payment, though he never saw it after it was filled up ; for how is the endorsee to know whether it was endorsed before or after it was filled up.
To require him to ascertain the fact upon his own responsibility would destroy the negotiability of such paper, and it would be impossible to make enquiry in the many instances in which such paper is thrown into market. This is equally true of bills single, as of promissory notes, and we are constrained to hold, that if a delivery of such instrument in its common law sense, as applicable to deeds, is held to be necessary, a delivery to the endorsee as the agent authorized by the endorsement to receive it, must be sufficient. Perhaps it was folly to retain the sanctity of a seal, after the instrument was made negotiable.
2. After the bill single fell due, the obligor confessed a judgment thereon in favor of Childress, the endorsee, amalgamating the amount thereof, with other claims, due said Childress, he agreeing to stay execution six months. This, it is contended, discharged the endorser.
We do not think so. We do not look upon this as a contract for delay; because, in the first place, the delay allowed was no greater than' what the law would have suffered, if suit had been brought at the term at which judgment was confessed, in which case supposing the utmost expedition which the law allows, the judgment would have been rendered at the subsequent term, four months thereafter, and the execution thereon, returnable to the next, which it would be under the confessed judgment. Second, the promise to delay was supported by no consideration, recognized by law, and a specific execution of it, could not have been enforced. So that in point of fact, the hands of the endorser were not tied by it, and *385 the endorser, therefore, not discharged thereby. We, therefore, affirm the judgment of the Circuit Court.